In the Matter of the Application of FRANK S. SENIOR and Another, Appellants, for an Order Directing EDWARD F. BOYLE and Others, Constituting the Board of Elections of the City of New York, Respondents, to Receive and File a Certain Certificate of Nomination, etc., Coroner of the Borough of Brooklyn, etc.

Second Department, October 25, 1917.

**Elections — office of coroner abolished in city of New York — board of elections will not be compelled to receive certificate of nomination to said office — constitutional law.**

The office of coroner is abolished within the city of New York.

The office of chief medical examiner, created by chapter 284 of the Laws of 1915, is in no respect identical with the office of coroner and the duties of coroners under title 3 of chapter 2 of the Code of Civil Procedure have been transferred to the county clerk of the appropriate county within the city of New York.

As the office of coroner is not a constitutional office the Legislature had power to abolish it.

Hence, mandamus does not lie to compel the board of elections of the city of New York to receive and file a certificate of nomination to the extinct office of coroner in the borough of Brooklyn.

APPEAL by Frank S. Senior and another, from an order of the Supreme Court, made at the Kings County Special

Term and entered in the office of the clerk of the county of Kings on or about the 22d day of October, 1917, denying their motion for a peremptory writ of mandamus herein.

*Edgar Hazleton,* for the appellants.

*George A. Green [Lamar Hardy, Corporation Counsel,* with him on the brief], for the respondents.

PER CURIAM:

We think the application for the writ was properly denied. The ancient office of coroner, with the powers of subpœnaing witnesses, conducting inquests and issuing warrants of arrest, is terminated and abolished within the city of New York on January 1, 1918, under chapter 284 of the Laws of 1915. The office of chief medical examiner, created by further sections of this act, is in no respect identical with the office of coroner. The duties of coroner in civil matters under the provisions of title 3 of chapter 2 of the Code of Civil Procedure, are henceforward to be performed by the county clerk of the appropriate county within the city of New York. It is conceded that the Legislature had the power to abolish the office of coroner as not a constitutional office. Here, the abolition of the office is real and absolute, and no substantial part of its duties is transferred to the chief medical examiner. The office of coroner having been thus terminated, there is no vacancy to be filled at this election.

The order denying the writ of mandamus is affirmed, without costs.

JENKS, P. J., STAPLETON, PUTNAM and BLACKMAR, JJ., concurred.

Order denying writ of mandamus affirmed, without costs.